# Collins' Case.

1. The Court of Quarter Sessions has jurisdiction to inquire into the legality of the election of school directors at the instance of contestants, but not at the instance of supporters—of those who deny, but not of those who affirm the election.

2. The Court of Quarter Sessions has no jurisdiction in *mandamus*.

CERTIORARI to the Court of Quarter Sessions of *Allegheny county*.

On the 17th of April, 1858, a petition was presented to the court, signed by David Boyd, and sixty-one others, setting forth :—

"That in the month of July, 1857, the Board of School Directors of the First ward, Pittsburgh, was composed of William M. Hersh, George W. Coffin, and Henry Murphy. That in July, 1857, Henry Murphy removed out of the First into the Sixth ward of said city, and that thereby his seat as a member of said board became vacant.

"That to fill said vacancy, Samuel P. Collins was duly elected by a majority of votes. That said Collins received a notice to attend a meeting of said board. That he did so attend, and was refused by the board a seat in the same, and the same was given to Henry Murphy.

"Whereupon the petitioners, alleging that in the month of January, 1858, Samuel P. Collins was duly elected to fill the vacancy in the Board of School Directors for the First ward, caused by the removal therefrom of Henry Murphy, in July, 1857, all of which is denied by Henry Murphy, William M. Hersh, James Kennedy, and George W. Coffin, School Directors in said Board, and your petitioners desiring "in accordance with the provisions of the 34th section of an act entitled, 'An Act Consolidating the Wards of the City of Pittsburgh, for Educational Purposes, approved February 9, 1855,' to have inquired into, or contested, the legality, or illegality of the election for director of Samuel P. Collins, in January, 1858, pray your honors forthwith to examine into the election of the said Samuel P. Collins, in the month of January, 1858, and to confirm, or set it aside, as to said court shall seem just and proper."

April 17, 1858, the court awarded a citation to issue to the other directors, &c.

Upon hearing, the court confirmed the election of Samuel P. Collins, as School Director of the First ward of Pittsburgh, which is alleged for error, and also, that the court below had no jurisdiction of the subject-matter.

. [Collins' Case.]

*Marshall, Brown* and *Barton*, for plaintiff in error, referred to the Act of February 9, 1855, establishing a High School in the city of Pittsburgh.

*Kirkpatrick*, for defendant in error, referred to 1 Kent, 84; 2 Id. 539; *In re, the Bermon*, 1 Bib. Rep. 68; *Guire* v. *O'Daniel*, 1 Bin. 249, n. a.; *Read* v. *Kitch*, 7 Leg. Intelligencer, 105; *Malone* v. *Linaly*, 8 Id. 192; 8 Cranch, 278; 1 Met. 242; 4 Hemphill's Rep. 346; 3 W. C. C. R. 546; 3 Shep. 470; *United States* v. *Penelope*, 2 Pet. Adm. Dec. 450; *Casey's Case*, 1 Ash. 126.

The opinion of the court was delivered November 22, 1858, by

Woodward, J.—The first error assigned is fatal to the whole of this proceeding. Beyond controversy, the court had no jurisdiction of it in this form.

The 34th section of the Act of Assembly relating to the election of school directors provides, that the legality of any such election may be *contested* in writing, by ten or more qualified citizens. Of that contest, jurisdiction is conferred on the Quarter Sessions.

But this is not such a case. Under the impression that Henry Murphy, one of the school directors, had removed his residence to the Sixth ward of the city, and so vacated his seat as a school director in the First ward, the people elected Samuel P. Collins as his successor, but the board of directors knew of no vacancy; they recognized Murphy as a continuing and attentive member of the board, and declined to admit Collins to a seat therein.

Collins seems to have acquiesced in the decision of the board, for he has instituted no proceedings to gain the seat. Meanwhile, nobody contests his election; but ten citizens, who have more faith in the vacancy than the board of directors had, call on the Court of Quarter Sessions to *establish* and *confirm* Collins' election. The court should not have entertained such an application. Until the election was contested by somebody, the court had nothing to do with it. The jurisdiction conferred, is to inquire into the legality of elections at the instance of *contestants*—not of *supporters*. They who deny the legality of the election are the only parties who can set the court in motion; not they who affirm its legality.

If Mr. Collins wants the office, he must establish his title to it in another court, and by a different proceeding. The Quarter Sessions has no jurisdiction in *mandamus*.

But while he does not seek it by the appropriate remedy, his friends are not to thrust it upon him by such a movement as they have tried here.

There are several other matters in the case which look very hopelessly for the petitioners, but it is unnecessary to go into them, for the whole proceeding was *coram non judice.*

The proceedings are reversed and set aside.