# McLaughlin *v.* Summit Hill Borough, Appellant.

*Election law—Ballots—Increase of indebtedness—Borough—Constitutional law—Repeal of statutes—Acts of June* 9, 1891, *P. L.* 252, *and April* 29, 1903, *P. L.* 338.

1. The ballots to be used at an election to ascertain whether the indebtedness of a borough shall be increased must be official ballots furnished by the county commissioners and must be in the form prescribed by the Act of April 29, 1903, P. L. 338.

2. The Act of April 29, 1903, P. L. 338, does not violate any constitutional provisions relating to the amendments of acts and is a valid and constitutional law.

3. The Act of April 29, 1903, P. L. 338, relating to official ballots, repeals the Act of June 19, 1891, P. L. 349.

Argued March 10, 1909. Appeal, No. 64, Jan. T., 1909, by defendant, from decree of C. P. Carbon Co., Jan. T., 1909, No. 1, on bill in equity in case of David McLaughlin v. Summit Hill Borough. Before Fell, Brown, Mestrezat, Elkin and Stewart, JJ. Affirmed.

Bill in equity for an injunction.

Heydt, P. J., filed the following opinion:

### FINDINGS OF FACT.

1. David McLaughlin, the plaintiff, is a citizen, property owner, taxpayer and resident of the borough of Summit Hill, Carbon county, Pennsylvania.

2. The borough of Summit Hill is duly incorporated under the Act of April 3, 1851, P. L. 320.

3. The borough of Summit Hill on June 4, 1906, duly enacted and passed an ordinance authorizing an increase of the bonded indebtedness of the said borough to the amount of $39,000 for the purpose of constructing sewers in the borough and providing for submitting to the voters at a special election to be held on Tuesday, July 10, 1906, the question whether or not the indebtedness should be increased.

4. In pursuance of said ordinance, a special election was held on Tuesday, July 10, 1906, resulting in 226 votes in favor of, and eighty-seven votes against said increase.

5. At the special election held on July 10, 1906, the commissioners of Carbon county did not furnish any official ballots to be used by the said electors in voting on said question of increasing the indebtedness of said borough.

6. At said special election held on July 10, 1906, no official ballots in the form prescribed by the Act of April 29, 1903, P. L. 338, were used.

7. The ballots used at the special election held on July 10, 1906, were prepared and furnished by the authorities of the borough of Summit Hill, and were in the form prescribed by the act of June 9, 1891, being as follows:

"(a) Debt may be increased. The purpose of the said increase is to construct sewers in the borough and the amount of such increase is not to exceed $39,000. (Endorsed) 'Increase the debt.'

"(b) No increase of debt. The purpose of the said increase is to construct sewers in the borough and the amount of such increase is not to exceed $39,000. (Endorsed) 'Increase the debt.'"

8. No bonds have been issued by the borough of Summit Hill in pursuance of said ordinance and election and since July 10, 1906, no tax has been levied and assessed for the purpose of paying the principal and interest of such bonds.

9. The borough of Summit Hill is about to issue bonds in pursuance of said ordinance and election.

### CONCLUSIONS OF LAW.

1. The ballots to be used at an election to ascertain whether the indebtedness of a borough shall be increased must be official ballots furnished by the county commissioners and must be in the form prescribed by the Act of April 29, 1903, P. L. 338.

2. The ballots used at the special election held in the borough of Summit Hill, on July 10, 1906, were not proper, valid and legal ballots.

3. The special election held on July 10, 1906, in the borough of Summit Hill, was illegal and void.

4. The increase of the indebtedness of the borough of Summit Hill in the sum of $39,000 is not authorized by a legally conducted election.

5. The complainant is entitled to the relief prayed for.

### DISCUSSION.

The Act of June 9, 1891, P. L. 252, is clearly repealed by the Act of April 29, 1903, P. L. 338, if the latter is valid. It

was conceded upon the argument that the determination of this question is decisive of the case.

That the Act of June 19, 1891, P. L. 349, and the Act of June 10, 1893, P. L. 419, did not repeal the Act of June 9, 1891, P. L. 252, is decided in Evans et al. v. Willistown Township et al., 168 Pa. 578.

By the Act of July 9, 1897, P. L. 223, the fourteenth section of the act of June 10, 1893, was attempted to be amended, but this act is equally defective with the acts of June 19, 1891, and June 10, 1893, in not meeting the requirements of sec. 3, art. III, of the constitution, in so far as it relates to the increase of municipal indebtedness.

The defendant contends very earnestly that the Act of April 29, 1903, P. L. 338, also is unconstitutional, because it is an amendment of the act of June 10, 1893, as amended by the act of July 9, 1897, and that since these two latter acts are unconstitutional the act of April 29, 1903, necessarily is so also.

The defendant's contention that an unconstitutional or void section of an act cannot be amended and that an unconstitutional or void section of an act cannot be amended by changing the title of the original act is sound doctrine and good law. It must be sustained upon principle and authority. Unfortunately for the defendant, the case at bar does not fall within these lines.

If the fourteenth section of the act of June 10, 1893, contained only the provision relating to how the tickets shall be printed when a vote is to be taken on a constitutional amendment or other question, then no notice thereof being given in the title the section would be unconstitutional and then the entire section would be void and of no effect. Then there would be nothing left to amend.

Then the language, "The act never became a law, as such has no existence. The attempt of the legislature to breathe the breath of life into this inanimate object by amending the title was ineffective," quoted from Bennett v. Sullivan County, 29 Pa. Superior Ct. 120, would be applicable. The fourteenth section of the act of June 10, 1893, however, contains a num-

ber of other provisions, e. g., how the ballots shall be printed, how names of candidates shall be arranged, etc., the constitutionality of which provisions has never been questioned, so that after the one clause (not the section) was declared unconstitutional, there was something of form and substance left which was constitutional. It was not a "dead body." It was something real and alive. It was a living stem upon which a limb could be engrafted. The same may be said of the act of July 9, 1897.

The act of April 29, 1903, did not simply amend the acts of June 10, 1893, and July 9, 1897, by amending the title, but it re-enacted the entire fourteenth section thereof and gave notice of the subject in the title of such amendment and it is, therefore, a valid amendment and repeals the act of June 9, 1891.

The question before us is, however, not one of first impression. In Conshohocken Borough v. Montgomery County Commissioners, 14 Pa. Dist. Rep. 141, Judge SWARTZ in a well-considered opinion reaches the conclusion that the act of April 29, 1903, is constitutional.

The facts in the case at bar are similar to those in Holtzman v. Braddock, 14 Pa. Dist. Rep. 547, and we follow the rulings in that case.

It follows from what has been said that the increase of indebtedness of the borough of Summit Hill was not authorized by a vote of the people obtained at a properly conducted election, and that the relief prayed for in the bill should be granted.

Now, January 14, 1909, this cause came on to be heard upon bill and answer at this term, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed as follows, viz.:

1. That the borough of Summit Hill and its officers be restrained by injunction perpetually from issuing any of the bonds for the construction of sewers.

2. That the election held on July 10, 1906, for the purpose of increasing the indebtedness of said borough to an amount not exceeding $39,000 for the construction of sewers be declared illegal, and that the authority to issue said bonds based upon said election be declared illegal and void.

*Error assigned* was decree awarding injunction.

*Laird H. Barber*, with him *E. E. Scott* and *Leighton C. Scott*, for appellant.—The act of 1903 is unconstitutional: Com. v. Taylor, 159 Pa. 451; Millvale Boro. v. Ry. Co., 131 Pa. 1.

*W. G. Thomas*, with him *Freyman & Nothstein*, for appellee, cited: Pennsylvania v. Hall, 5 Pa. 204; Allison v. Corker, 67 N. J. L. 596 (52 Atl. Repr. 362); Conshohocken Boro. v. Montgomery County Commissioners, 14 Pa. Dist. Rep. 141; Holtzman v. Braddock, 14 Pa. Dist. Rep. 547.

PER CURIAM, April 12, 1909:
The decree is affirmed on the opinion of the learned judge of the common pleas.