# Stem *v.* Bethlehem Borough, Appellant.

*Election law—Ballots—Municipalities—Increase of debt—Constitutional law—Act of April 29, 1903, P. L. 338.*

The ballots to be used at an election under the Act of April 29, 1903, P. L. 338, to ascertain whether the indebtedness of a borough shall be increased must be in the form prescribed by the act, and if the question submitted is printed on the ballot, but is not followed by the words "yes" and "no," the election will be invalid.

Argued March 7, 1911. Appeal, No. 164, Jan. T., 1910, by defendant, from decree of C. P. Northampton Co., June T., 1909, No. 3, on bill in equity in case of Leo A.

Stem et al. v. Bethlehem Borough.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Bill in equity for an injunction to restrain the issue of borough bonds, and to declare void an election to increase borough indebtedness.   Before STEWART, J.

The only question involved was the validity of an election to increase the indebtedness of the borough of Bethlehem.

*Error assigned* was decree declaring the election void and enjoining the issue of the bonds.

*George R. Booth* and *John G. Johnson,* for appellant.

*Harry C. Cope,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, April 24, 1911:

This is a taxpayer's bill, and the appeal to this court raises the question of the validity of the municipal election held to determine whether the indebtedness of the borough should be increased for the purpose of constructing a water system to supply the defendant borough with water.   The appeal, as we understood at the argument, is abandoned. The form of the ballot used at the election did not comply with the requirements of sec. 2 of the Act of April 29, 1903, P. L. 338, 2 Purd. 1350, and for this reason the election was vitiated.   We have quite recently held in McLaughlin v. Summit Hill Borough, 224 Pa. 425, this act to be constitutional, and that the ballots to be used at an election to ascertain whether the indebtedness of a borough shall be increased must be in the form prescribed by the act.   This is decisive of the present case.   The question submitted was printed on the ballot, but it was not followed by the words "yes" and "no," as required by the statute.   Section 4 of the act provides that "no ballot without the official endorsement shall be allowed to be deposited in the ballot box and none but ballots provided in accordance with the provisions of this act shall be counted."

The decree is affirmed.