# Washington Township Division.

*Election laws—Ballot—Division of townships—Acts of April 29, 1903, P. L. 338, and April 22, 1905, P. L. 288.*

The Act of April 22, 1905, P. L. 288, relating to the elections for division of townships does not repeal, as far as such elections are concerned, the general Act of April 29, 1903, P. L. 338, which provides

that "whenever the approval of a constitutional amendment or other question is submitted to the vote of the people, such question shall be printed upon the ballot in due form and followed by the words 'Yes' and 'No.' " A ballot may be framed so as to comply with the provisions of both acts.

Argued March 10, 1914.   Appeal, No. 18, March T., 1914, by Henry I. Hartman et al., from order of Q. S. Dauphin Co., June Sessions, 1912, No. 197, refusing to divide township In re Division of Washington Township. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Petition for division of township of Washington.

McCARRELL, J., filed the following opinion:

This proceeding was commenced by a petition presented August 8, 1912, under the Act of April 22, 1905, P. L. 288.   The petition purports to be signed by owners of twenty-five per centum of the assessed valuation of the real estate of Washington township, although it does not state what the total assessed valuation of the real estate therein is.

On presentation of the petition the court directed a special election to be held on September 10, 1912, after the giving of notice of fifteen days, as required by the statute.   The report of this election has been presented and exceptions have been filed thereto.   Many of these exceptions complain that the petition is too indefinite in that it does not state the purpose of the division nor set forth any facts which render the division convenient for the inhabitants of the township.   It does not appear from the petition whether the division is into two separate townships or into wards or precincts, and does not state whether or not the alleged convenience relates to elections, school districts or the supervision of roads.   These exceptions raise important questions, which we will not undertake to determine now, because the principal ground for exception is that the election

was not duly and properly held, and that the ballots were not prepared in accordance with the laws relating to elections.

The second section of the act provides that the ballots to be deposited by the electors shall have written or printed on the outside thereof the word "Division" and on the outside the words "For Division" or "Against Division." At this election two separate ballots were provided for the use of the electors. Upon one was printed the words "Division—For Division" and on the other the words "Division—Against Division." These blank ballots were placed upon a table before or near the election officers, and the electors were told they could take their choice, or if an elector indicated how he desired to vote the judge of election would hand him a ballot for division or against division in accordance with his request. In this way it was not difficult to understand how an elector voted, and the testimony shows that very little use was made of the voting booths.

The act of 1905 expressly provides that special elections held thereunder "shall be governed by the several laws relating to township elections." A new election law providing for a different method of voting was approved June 10, 1893, and this act has been subsequently amended by various acts down to April 29, 1903. Thus a system for the conduct of all elections has been provided.

By sec. 14 of the act of April 29, 1903, it is provided as follows: "Whenever the approval of a constitutional amendment or other question is submitted to the vote of the people such question shall be printed upon the ballot in brief form and followed by the words "Yes" and "No," and if such question be submitted at an election of public officers, it shall be printed after the list of candidates. The ballot shall be so printed as to give to each voter a clear opportunity to designate his choice of candidates by a (X) mark in a square of sufficient size at the right of the name of each candidate

and inside the line inclosing the column and in like manner answers to questions submitted by similar marks in squares at the right of the words "Yes" and "No."

Ballots in legal form are to be furnished by the county commissioners of the several counties. Booths are to be provided at the polling places so arranged that voters can retire within the booth and mark their ballots as they desire without the marking being observed. Thus the form of ballot to be used and the arrangement for private marking of the ballots is expressly provided for by our election laws.

The ballots used in the present case were not in the form required by the general law.

In the case of McLaughlin v. Summit Mill Borough, 224 Pa. 425, this question was considered in connection with an election upon the increase of borough indebtedness. At that election no official ballots in the form prescribed by the Act of April 29, 1903, P. L. 338, were used. The ballots used were prepared and furnished by the authorities of the borough of Summit Hill, and were in the form prescribed by the act of June 9, 1891. It was there decided that these ballots were improper and that the ballots "must be official ballots furnished by the county commissioners and must be in the form prescribed by the Act of April 29, 1903, P. L. 338, and that the ballots used at the special election were not proper, valid and legal ballots and that the special election was illegal and void."

The act of April 22, 1905, under which the election in the present case was held was of course passed subsequent to the act of April 29, 1903, but it contains no provision repealing that or any other act, while it expressly declares that the election provided for therein shall be governed by the several laws relating to township elections.

The provisions of the second section of the act of April 22, 1905, could readily have been complied with and at the same time the general act of April 29, 1903,

fully observed.  If a ballot substantially in the following form had been provided, the provisions of both laws would have been observed:

## DIVISION OF WASHINGTON TOWNSHIP

## OFFICIAL BALLOT

### For Division

### or

### Against Division

———

Shall Washington Township be divided according to the petition upon which the present election was ordered?

Mark in Square

No  . ☐

Yes ☐

If official ballots in substantially this form had been furnished to the election officers as required by the general laws, each elector would have been given a ballot and would then have retired to the booth and marked the ballot according to his choice without the method of marking being observed.

We are of opinion that the election in this case is of no validity because of the failure to comply with the general law regulating the form of ballots when a question is to be presented for the determination of the voters.  We therefore hold that the special election of September 10, 1912, was of no validity and that it cannot be regarded as determining any question relative to the division of Washington township.  We therefore

decline to canvass the returns and ballots, or to make any decree for the division of the township.

*Error assigned* was the order of the court.

*John R. Geyer*, with him *John E. Fox*, for appellants.

No printed brief for appellee.

OPINION BY HENDERSON, J., July 15, 1914:

Numerous exceptions were filed in the court of quarter sessions but the case was disposed of on those relating to the regularity of the election with respect to the form of the ballots provided and used. The proceeding was under the Act of April 22, 1905, P. L. 288, which provides in the first section for an election on the question of such division on a day certain to be fixed by the court, "to be held by the election officers of the township proposed to be divided, at the place fixed by law for the holding of township elections, and to be governed by the several laws relating to township elections." The contention in the case arises out of that part of the second section which provides that the ballots to be deposited by the electors shall have written or printed on the outside thereof the word "division" and on the outside the words "for division" or "against division." On the outside of one form of the ballots used were printed the words "division" "for division" and on the inside "for division;" on the outside of the other were the words "division" "against division" and on the inside "against division." The ballots were placed on a table and some of the voters were directed to make their choice of the ballots; others asked for ballots for or against the proposition. Section 14 of the Act of April 29, 1903, provides that whenever the approval of a constitutional amendment or other question is submitted to the vote of the people such question shall be printed upon the ballot in brief

form and followed by the words "Yes" and "No," and if such question be submitted at an election of public officers it shall be printed after the list of candidates. The ballot shall be so printed as to give to each voter a clear opportunity to designate his choice of candidates by a (X) mark in a square of sufficient size at the right of the name of each candidate and inside the line inclosing the column and in like manner answers to questions submitted by similar marks in squares at the right of the words "Yes" and "No." The act further provides that ballots are to be furnished by the county commissioners of the several counties and that booths be provided at the polling places so arranged that voters can retire within the booths and mark their ballots as they desire without the marking being observed. It is evident that the ballots used in the case under consideration were not in the form prescribed by law unless the act of 1905 has amended the act of 1903. The purpose of the prior legislation was to secure a free expression of the will of the voters at the election of candidates or the determination of the questions submitted to them to be decided by ballot, and it is obvious that these provisions were not regarded at the election in Washington township. The ballots were not official ballots nor in the form prescribed by the act of 1903. It is contended, however, that the act of 1905 impliedly repealed the former statute and that the proceeding can be sustained in this respect under the later act. To do this it is necessary, however, to change the language of the second section and supply the word "inside" instead of "outside" where it occurs in the third and fourth lines of the second section, but it is not so clear that there is a mistake in the text of the section that we are justified in making the necessary substitution.

The learned judge of the court below has shown in his opinion how the ballot might have been prepared in conformity to the provisions of each of these acts in such a manner as to permit the voter to express his

preference without publicly announcing the side of the question which he proposed to support. Inasmuch as the first section of the act of 1905 expressly declares that elections are to be governed by the several laws relating to township elections it requires a case entirely free from doubt to warrant the substitution of a contradictory word the introduction of which into the statute results in an entire change of the form of the ballot used and that a very important change. It is better to adhere to the law as it is written if a construction can be given to it compatible with its purpose and consistent with the preceding legislation. This view of the case was taken by the court below and that conclusion we approve. In McLaughlin v. Summit Hill Boro., 224 Pa. 425, where an election on the increase of the borough indebtedness was held and where no official ballots in the form prescribed by the act of 1903 were used, it was held that the election was invalid because of the form of the ballots and that they should have been official ballots as prescribed by the act of 1903. The question of the repealing effect of the act of 1905 was not considered in that case, but as that act contained no repealing clause and as its provisions could have been complied with in a form of ballot conforming to the requirement of the act of 1903 we are not convinced that there is an implied repeal.

The order of the court of quarter sessions is affirmed.