Greene Township Malt Beverage License
Referendum Contest.

Greene Township Liquor License Referendum
Contest.

Argued April 18, 1938. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edwin D. Strite,* with him *William C. Hazlett,* for appellant.

*A. J. White Hutton,* for amicus curiæ.

*Paul M. Crider,* for County Commissioners.

OPINION BY MR. JUSTICE BARNES, October 3, 1938:

On or about July 15, 1937, petitions were presented to the county commissioners of Franklin County for a referendum upon the questions whether liquor licenses and malt beverage licenses should be granted in Greene Township of that county. The petitions are authorized under the provisions of the "Pennsylvania Liquor Control Act"[1] and the "Beverage License Law."[2] The two questions were submitted to the electors of the township at the primary election held on September 14, 1937, and the result of the vote on both questions was against the granting of licenses.

Subsequently the appellants, one of whom holds a retail liquor license, while the other has a malt or brewed beverage license, in order to contest the election so held instituted these proceedings in the court below, under the provisions of the Act of June 3, 1937, known as the "Pennsylvania Election Code."[3]

In the petitions for a contest it is alleged that there was a noncompliance with the requirements of the liquor and beverage Acts of 1937, regulating such referenda, in the following particulars, namely, that the signers to the petitions for the referenda were insufficient in number, as many of them were not registered electors; that the questions were not printed on the regular ballots issued to the voters, but were contained on separate ballot sheets; that ballots on both questions were not delivered by election officers to all the voters entitled to receive them; and that no resolution for the submission of the

---

[1] See section 502 of the Act of June 16, 1937, P. L. 1762, 1792.

[2] Section 32 of the Act of June 16, 1937, P. L. 1827, 1861.

[3] See article XVII, section 1711, of the Act of June 3, 1937, P. L. 1333, 1468.

questions to the voters was adopted by the county commissioners.

The petitions prayed that the referenda upon the two questions be declared invalid and the returns thereof be set aside. Rules to show cause were granted on the county commissioners, who made answer that they were not properly a party to such a proceeding. After a hearing the court below entered decrees dismissing both petitions on the ground that there was no provision in the Pennsylvania Liquor Control Act, the Beverage License Law, or the Pennsylvania Election Code, authorizing election contests of this character, and that the court was without jurisdiction to entertain the petitions. The court said: "There is no provision in any of these Acts of Assembly, or any others which we have been able to find, providing for a contest on questions such as here in dispute." The petitioners have appealed to this court from the decrees so entered.

It is conceded that there is no provision in the Liquor Control Act or the Beverage License Law for the contest of a referendum, and appellants rely entirely upon article XVII of the Election Code to sustain their petitions. In consequence, if it be determined that the Election Code does not authorize such a contest, it will be unnecessary to consider the question whether there were irregularities in connection with the conduct of the election itself.

The jurisdiction of the courts in election contests is not of common law origin but is founded entirely upon statute, and therefore it cannot be extended beyond the limits defined by Acts of Assembly. In *Auchenbach v. Seibert*, 120 Pa. 159, it is said (p. 170) : "It is only in contested election cases that the court has jurisdiction, and as this jurisdiction is not one of common law it cannot be extended by implication beyond the prescriptions of the act in which it originates." Prior to the enactment of the present election code it was well settled that statutory provisions for election contests referred ex-

clusively to the election of public officers: *Hulseman and Brinkworth v. Rems and Siner,* 41 Pa. 396; *Auchenbach v. Seibert,* supra. See also *Collins' Case,* 2 Grant 214; *Skerrett's Case,* 2 Parsons Equity Cases 509, at page 514.[4]

An examination of the present Code fails to disclose any legislative intent either to enlarge the powers of the courts in cases of this character, or to alter the existing law by authorizing election contests in cases other than the nomination and election of public officers. In article XVII, section 1711, there is specifically designated "the several classes of nominations at primaries and elections of public officers which may be contested in this Commonwealth." Contests are limited to the five classes of public officials there named, and it is clear that a referendum upon the granting of liquor or malt beverage licenses is not within the classes so enumerated.

This conclusion is further supported by the fact that in article XVII of the Election Code there has been set up a definite procedure to be followed in connection with petitions, answers, notice, service, and hearings, in contested nominations and elections of public officers, but no such provisions are to be found with respect to referenda on questions submitted to the voters. Therefore it is apparent that a proceeding under the general election law is not the appropriate method to challenge the validity of a referendum of this character. The appeals before us are not election contests within the true meaning of that expression. To such effect was our decision in *Kittanning Country Club's Liquor License Case,* 330 Pa. 311, where the validity of the referendum was questioned because the ballots submitted to the electors improperly described the municipality in which the election occurred. We endeavored in that case to make clear the ruling that a contest of a referendum was not

---

[4] See also *Fowler v. Gable,* 3 Dist. Rep. 23, at page 24.

540

permissible under the general election laws of the Commonwealth, and it was not our intention to hold or infer otherwise.[5]

As the court is without jurisdiction in the premises, it is unnecessary to discuss the remaining questions raised by these appeals.

The decrees of the court below in No. 150, January Term, 1938, and No. 151, January Term, 1938, are affirmed. Costs to be paid by appellant in each case.

---

[5] See also *Barrett's Appeal,* 116 Pa. 486; *McLaughlin v. Summit Hill Boro.,* 224 Pa. 425; *Bullitt v. Phila.,* 230 Pa. 544; *Stem v. Bethlehem Boro.,* 231 Pa. 461; *Nyce v. Commissioners,* 319 Pa. 353.