## Petition of Huston Township Electors

*Love & Wilkinson,* for petitioners.
*R. Paul Campbell,* for exceptant.

WALKER, P. J., September 27, 1941.—This matter is before the court on a petition for a recount under article XVII, sec. 1701, of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, alleging that fraud or error, although not manifest on the general return of votes, was committed in the computation of the votes cast; an order was issued fixing Monday, September 29, 1941, as the time for a recount.

To this objections were filed alleging that there is no authority in law for the recount of the ballots relating to a referendum on the granting of licenses.

The Supreme Court in the case of Greene Township Malt Beverage License Referendum Contest, 331 Pa. 536, held:

"The contest of a referendum upon the granting of liquor or malt beverage licenses pursuant to the provisions of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, and the Beverage License Law of June 16, 1937, P. L. 1827, is not authorized by the Election Code of June 3, 1937, P. L. 1333, or by any other statute."

The court further held in this case that "The jurisdiction of the courts in election cases is founded entirely upon statute, and it cannot be extended beyond the limits defined by statute."

There is nothing in the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, or the Beverage License Law of June 16, 1937, P. L. 1827, providing for the presentation of a petition for a recount of the votes which were cast in a referendum on this subject.

At the time of the argument counsel for the original petitioners stated that he was basing their right to recount on article XVII, sec. 1701, of the Pennsylvania Election Code of June 3, 1937, P. L. 1333. At the time of the presentation of the petition counsel asked that the recount be confined to the votes cast on the question of the referendum, not being interested in the vote which was cast for the various offices, municipal, county and State. The question here is whether or not this particular section covers a case where the petition is for recount of the vote cast on the referendum.

The Election Code does not provide for the referendum which was held but such election on whether or not licenses should be granted is based upon the provisions of the Pennsylvania Liquor Control Act of 1937, supra, and the Beverage License Law of 1937, supra. These particular acts do not provide for any recount and, as the Supreme Court has said in the case above referred to, there is no authority in law for the contest of an election of this character and the jurisdiction of the courts in election cases is founded entirely upon statute, and it cannot be extended beyond the limits defined by the statute.

The section of the Election Code relating to the opening of ballot boxes provides that the court of common pleas, upon a petition which alleges that, upon information which they consider reliable, petitioners believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes cast for all offices or for any particular office or offices in such election district, or in the marking of the ballots, or otherwise in connection with such ballots, shall open the ballot boxes.

Subsection (c) provides: "Before any ballot box is opened under the provisions of this section, the court shall direct that notice of time and place of proposed recount be given, either personally or by registered mail, to each candidate for the office or offices which are to be recounted by the order of the court, and each such candidate may be present at such recount, either in person or by his attorney or by his duly authorized representative, under such regulations as the court may prescribe."

It is quite evident from the reading of this section that the legislature was only concerned with the recount of the votes cast for any candidate for office.

The provision with reference to notice is solely to those candidates for the office or offices which are to be recounted. To hold that this section applied also to elections for a recount of the vote cast in a referendum on the licensing question would be extending it beyond the limits defined by the statute, and would necessitate giving to the language used in the act a meaning other than its usual and generally accepted meaning. The word "candidate" and the words "public office" are both defined in the act itself and the meanings which have been assigned to them indicate that they relate solely to qualified electors or the office which a qualified elector might seek.

The court is, therefore, of the opinion that this section of the Election Code is not a legislative enactment

248

providing for a recount of the vote cast in a referendum upon the granting of a liquor or malt beverage license, and to give it such a meaning would be extending it beyond the limits defined by the statute. To do this would be exceeding the powers which are vested in the courts. The court, therefore, files the following order:

And now, to wit, September 27, 1941, the order heretofore granted directing that the ballot box of Huston Township be opened and a recount made of the vote on the referendum on the question of the granting of retail liquor licenses is hereby rescinded and canceled, and the county treasurer or prothonotary, depending upon who is the custodian of the fund of $50 deposited by said petitioners, is hereby directed to pay back to the said petitioners the said deposit of $50, costs of the proceeding, however, to be paid by the original petitioners.