## Horsham Township Election Case.

Argued January 7, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Gilbert P. High,* with him *High, Swartz, Flynn & Roberts,* for appellants.

*D. Stewart McElhone,* with him *Edward B. Duffy,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 24, 1947:

This is an appeal from the discharge of a rule to permit the filing of an election contest *nunc pro tunc.*

Kelly and Beattie were rival candidates for the office of tax collector of Horsham Township, Montgomery County, at an election held November 6, 1945. Returns by the township district election board to the county board of elections certified that Beattie had received 321 votes and Kelly 304 votes. The county board issued a certificate of election to Beattie. On December 12, 1945, 36 days after the election, a petition was filed in the court below for a recount, which was granted. On a recount each candidate was found to have received 308 votes. There were 9 military votes, not counted by the recount board, but which originally had been found by the county board to be divided as follows: 3 votes for Beattie and 6 votes for Kelly. It was *then* apparent that Kelly had received 314 and Beattie 311 legal votes. On December 22, 1945,— 46 days after the election and 26 days after the statutory period for filing an election appeal had expired—a

petition was presented for a rule to show cause why an appeal should not be permitted to be filed *nunc pro tunc.* Upon answer filed the rule was discharged in an opinion by Judge CORSON. This appeal followed.

We are in complete accord with the opinion and order of the court below. Elections and their regulations are exclusively for the legislature: *Thompson v. Morrison,* 352 Pa. 616, 44 A. 2d 55. The Act of June 3, 1937, P. L. 1333, 25 PS 2601, is the "Pennsylvania Election Code." Article XVII, section 1756, 25 PS 3456, prescribes that election contests must be commenced *"within twenty days after the day of . . . election."* Under Article XVII, section 1701 (f), 25 PS 3261 (f), it is provided that ballot boxes may be opened *"at any time within four months after the date of the . . . election".* While at first these provisions may appear inconsistent, they are in fact not in conflict. The appeal must be taken within the 20 days as fixed by the statute. The petition to open ballot boxes, permitted to be filed within four months, may result in the production of evidence which may, or may not, cause the appeal to be sustained. In the present case, one day after the election, Miss Kelly heard rumors that the count was irregular. She could have promptly proceeded, within 20 days from the election, to take an appeal. The proceeding for the opening of the ballot boxes could have followed in due course. Instead of doing this, Miss Kelly awaited the ascertainment of the results of the ballot box opening, and then sought to file her appeal *nunc pro tunc.* Such relief the court is unable to render. She is required to follow the statutory procedure. In *Greenwood Township Election Case,* 344 Pa. 350, 25 A. 2d 330, Mr. Justice PATTERSON said, p. 356: "Appellant had twenty days after the election within which to institute contest proceedings, but failed to do so, and if he has lost an opportunity to contest the election, by lapse of the statutory period prior to completion of the recount proceedings, the court is without power to aid him: *Armstrong's Appeal,* 293 Pa. 1, 6. . . ."

Appellant refers to *Koch Election Contest Case,* 351 Pa. 544, 41 A. 2d 657, in which the posted return showed that Koch was elected. The board thereafter erroneously certified the election of Koch's opponent who was defeated. The Board failed to comply with the Code as to notice by posting. Koch, who in fact was elected, and the public, were thereby deceived. Koch moved promptly to correct the fraud or mistake in the board's return.

Appellant failed to comply with the provisions of the election code, and thereby lost her opportunity to contest the election.

The order of the court below is affirmed at appellant's cost.